UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONYA LATNEY,<br><br>         Plaintiff,<br><br>v.<br><br>KARLA RUGGIERO, *et al.*,<br><br>         Defendants. | Case No. 2:17-cv-01748-JAD-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application for Leave to Proceed *in Forma Pauperis* (ECF No. 1), filed on June 26, 2017.

## BACKGROUND

Plaintiff alleges that on November 5, 2015, she was wrongfully terminated from the Valley Health System Summerlin Hospital. She states that she is African American and was hired as a traveling case manager through United Staffing Solutions. She alleges that she reported to work at Spring Valley Hospital on November 5, 2015 and received a telephone call from her supervisor informing her that she was supposed to report to Centennial Hospital on that day. She alleges that management did not instruct her to report to Centennial Hospital prior to November 5, 2015. Defendants terminated her for refusing to report to work at Centennial Hospital. Plaintiff sets forth causes of action for wrongful termination, breach of contract, and discrimination.

## DISCUSSION

**I. Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant

1  to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,
2  Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

3  **II.     Screening the Complaint**

4  Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
5  complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to
6  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which
7  relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is
8  immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be
9  dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a
10 doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to
11 relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be
12 dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual
13 scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual
14 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly
15 incredible, whether or not thehi
16 re are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S.
17 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given
18 leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from
19 the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*
20 *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

21 The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832
22 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints. *Ferdik*
23 *v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be
24 used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l*
25 *Credit Union Admin*., 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673
26 F.2d 266, 268 (9th Cir. 1982)).

27 Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
28 complaint for failure to state a claim upon which relief can be granted. Review under Rule

12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

Plaintiff's complaint alleges claims of wrongful termination, breach of contract, and discrimination based on race. She attached the Notice of Right to Sue letter she received from the EEOC on March 31, 2017 and filed this action on June 26, 2017. *See Complaint* (ECF No. 1-1), 7. Thus, it appears that Plaintiff exhausted her administrative remedies.

#### a. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp*. 298 U.S. 178, 182–83 (1936). Plaintiff does not state the grounds for the Court's jurisdiction in her complaint nor does the complaint contain allegations demonstrating that the Court has jurisdiction.

    **b.**    **Failure to State a Claim**

        **i.**    **Discrimination/Title VII of the Civil Rights Act of 1964**

It appears that Plaintiff seeks to pursue claims of discrimination based on race, wrongful termination, and breach of contract. Although Plaintiff provides some factual description of the basis of her claims, her complaint does not sufficiently allege the legal theory under which she is pursuing her claims. Plaintiff may be attempting to set forth a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), which is a federal law that allows individuals to sue an employer for discrimination on the basis of race, color, religion, gender or national origin. 42 U.S.C. §2000e-2. Title VII discrimination claims require a showing of an unlawful employment practice such as, *inter alia*, discriminating against an individual with respect to his or her terms, conditions, privileges, compensation, or employment opportunities, because of such individual's religion, gender, age, or disability. *Id.*

As an initial matter and to the extent that Plaintiff intends to set forth a claim for discrimination under Title VII, Plaintiffs cannot sue individuals under Title VII as liability is limited to an employer. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII"). Plaintiff alleges that Defendant Karla Ruggiero is the Director of Case Management at the Summerlin Hospital. She does not state what position is held by Defendant Robert Freymuller. Nonetheless, Plaintiff may only bring suit against her employer, who is liable for the actions of its employees under the respondeat superior theory of liability. Defendants Karla Ruggiero and Robert Freymuller are not proper defendants under Title VII. Therefore, the Court recommends that Plaintiff's Title VII claim against the individual Defendants Karla Ruggiero and Robert Freymuller be dismissed

4

with prejudice. The Court will, however, screen Plaintiff's complaint to determine if she sufficiently alleged claims of discrimination against Defendant Valley Health System Summerlin Hospital.

To state a claim of discrimination under Title VII, a plaintiff must plead that (1) she is a member of a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated individuals outside of her protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (citation omitted); *see also* 42 U.S.C. § 2000e–3(e). Plaintiff's complaint lacks sufficient facts to allege a cognizable discrimination claim under Title VII. While she alleges that she is African American and that her manager's actions were because of "a racial issue," she fails to state any other facts to satisfy the remaining factors. *See Complaint* (ECF No. 1-1), 5. Therefore, the Court dismisses Plaintiff's claim against Defendant Valley Health System Summerlin Hospital with leave to amend to correct the noted deficiencies.

### ii. Breach of Contract

Plaintiff appears to bring a claim for breach of contract, which is a cause of action that occurs under state law. A federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). Section 1367(a) grants supplemental jurisdiction to the federal district court for "all other claims that are so related to claims" over which the federal district court has original jurisdiction "that they form part of the same case or controversy under Article III." If Plaintiff does not intend to set forth any claims under federal law, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States."

The Court will now screen the sufficiency of the factual allegations to state a claim for breach of contract. In order to state a claim for breach of contract under Nevada law, Plaintiff must allege "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as

a result of the breach." *Saini v. Int'l Game Tech.,* 434 F.Supp.2d 913, 919–920 (D.Nev.2006) (quoting *Richardson v. Jones,* 1 Nev. 405 (Nev.1865)). Plaintiff fails to allege factual allegations sufficient to state a claim for breach of contract. Further, she fails to show that this Court has subject matter jurisdiction over this claim. The Court will, therefore, dismiss this claim with leave to amend to correct the noted deficiencies. Plaintiff is advised that she must provide the court with a proper factual and legal basis for her claims in her amended complaint.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the

. . .

. . .

. . .

issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claim against Defendant Valley Health System Summerlin Hospital and her breach of contract claim be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **July 30, 2018** to file an amended complaint correcting the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Title VII claim against individual Defendants Karla Ruggiero and Robert Freymuller be **dismissed** with prejudice for failure to state a claim for which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 2nd day of July, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

7