UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONYA LATNEY,<br><br>            Plaintiff,<br>v.<br>KARLA RUGGIERO, *et al.*,<br><br>            Defendants. | Case No. 2:17-cv-01748-JAD-GWF<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Amended Complaint/Letter (ECF No. 9), filed on November 19, 2018.

**BACKGROUND**

On July 2, 2018, the undersigned entered an order granting Plaintiff's Application to Proceed *In Forma Pauperis* and a report and recommendation that Plaintiff's Title VII claim against individual Defendants Karla Ruggiero and Robert Freymuller be dismissed with prejudice for failure to state a claim for which relief can be granted. *See* ECF No. 2. On July 18, 2019, the District Judge accepted and adopted the report and recommendation dismissing Plaintiff' Title VII racial discrimination claim against individual Defendants. ECF No. 3.

In the Court's July 2, 2018 order, the Court dismissed Plaintiff's Title VII claim against Defendant Valley Health System Summerlin Hospital as well as her breach of contract claim with leave to amend. The Court instructed Plaintiff to file an amended complaint no later than July 30, 2018. ECF No. 2. On August 22, 2018, the Court issued an order to show cause directing Plaintiff to show cause why this matter should not be dismissed for failure to file an amended complaint. ECF No. 4. On August 30, 2018, Plaintiff filed her response and on September 5, 2019, the Court allowed Plaintiff another opportunity to file an amended complaint and instructed her to file her amended complaint no later than October 5, 2018. ECF Nos. 5, 6.

1  On October 10, 2018, Plaintiff filed a motion to extend and on October 16, 2018, the Court
2  granted Plaintiff's motion to extend the deadline to file her amended complaint to November 14,
3  2018.

## DISCUSSION

Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In its order and report and recommendation (ECF No. 4), the Court gave Plaintiff leave to amend the noted deficiencies of his complaint and informed Plaintiff that pursuant to Local Rule 15-1, the Court could not refer to a prior pleading in order to make his amended complaint complete. In multiple orders and its report and recommendation (ECF Nos. 2, 6, 8), the Court reiterated to Plaintiff that she could not refer to prior pleadings and that Plaintiff must sufficiently allege each claim and the involvement of each defendant.

. . .

. . .

**I.      Screening the Instant Amended Complaint**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Plaintiff's amended complaint alleges a claim of breach of contract.  Plaintiff alleges that she "believe[s] that Karla Ruggiero caused a breach in [her] nursing contract with The Valley Health System as a traveling nurse." *See* ECF No. 9.  It appears that Plaintiff had an employment contract, that her employment was terminated, and she alleges that there were no grounds for her dismissal.  She states that she had a 13 week long contract to work as a nurse and her last day of work was November 4, 2015.  She seeks her lost wages and damages for emotional distress.

**a.      Subject Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits.  *See* U.S. Const. art. III, § 2, cl. 1.  Generally, subject matter jurisdiction may derive

from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp*. 298 U.S. 178, 182–83 (1936). Plaintiff does not state the grounds for the Court's jurisdiction in her complaint nor does the complaint contain allegations demonstrating that the Court has jurisdiction.

**b.   Breach of Contract**

Plaintiff appears to bring a claim for breach of contract, which is a cause of action that occurs under state law. A federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). Section 1367(a) grants supplemental jurisdiction to the federal district court for "all other claims that are so related to claims" over which the federal district court has original jurisdiction "that they form part of the same case or controversy under Article III." If Plaintiff does not intend to set forth any claims under federal law, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States."

In order to state a claim for breach of contract under Nevada law, Plaintiff must allege "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.,* 434 F.Supp.2d 913, 919–920 (D.Nev.2006) (quoting *Richardson v. Jones,* 1 Nev. 405 (Nev.1865)). Plaintiff again fails to allege factual allegations sufficient to state a claim for breach of contract. Although she alleges that she had a 13 week "nursing contract," she fails to adequately allege the parties to the contract, other than herself. It appears to be an employment contract with the Valley Health System, but Plaintiff does not clearly allege as such. Further, Plaintiff does not provide a caption in her amended complaint naming any

defendants nor does she provide a list of defendants in the body of her complaint. She fails to adequately allege the nature of the breach of the contract beyond conclusory statements. Further, she fails to show that this Court has subject matter jurisdiction over this claim. Plaintiff does not attempt to correct deficiencies of her previous claims of discrimination under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff's amended complaint fails to correct the defects identified in this court's prior screening order. The Court finds that Plaintiff will be unable to successfully state a claim upon which relief can be granted. Therefore, the Court recommends that Plaintiff's amended complaint be dismissed with prejudice. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint/Letter (ECF No. 9) be **dismissed** with prejudice for failure to state a claim upon which relief can be granted. It is clear from the face of the complaint that Plaintiff will be unable to cure the noted deficiencies.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 7th day of March, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE